UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:21-cr-80026-AMC

UNITED STATES OF AMERICA

vs.

ALIREZA HENDIJANI,
TYLER ROMAN,
JOSHUA GRAUER,

    **Defendants.**
_____/

## UNITED STATES OF AMERICA'S RESPONSE TO STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    Any written or recorded statements made by the defendants are attached.

       2.    That portion of the written record containing the substance of any oral statement made by the defendants before or after arrest in response to interrogation by any person then known to the defendants to be a government agent is attached.

       3.    No defendant testified before the Grand Jury.

       4.    The NCIC record of the defendants are attached.

       5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time. Please call the undersigned to set up a date and time that is convenient to both parties.

           The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

       6.    Laboratory analysis of the substances seized in connection with this case are attached.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to Federal Rule of Evidence 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under Rule 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendants Tyler Roman and Joshua Grauer are aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of electronic and wire surveillance. The recordings of that surveillance are included in discovery as to those two defendants.

J. The government has ordered the transcripts of the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L. If you wish to inspect any physical evidence used in the commission of the offense charged, please contact the undersigned.

M.     There are no fingerprints that have been identified as those of the defendants.

N.     The government gives the following notice of expert testimony that it intends to use at trial:

    The government will call experts to testify that the substances seized in this case were in fact fentanyl and heroin. The lab reports are attached.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.     At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Federal Rule of Criminal Procedure 16(c), Brady, Giglio, Napue, and the obligation to assure a fair trial.

As to each defendant referenced in this pleading (Alireza Hendijani, Tyler Roman, and Joshua Grauer), the attachments to this response are contained one hard drive, which contains videos, photos, audio recordings, reports, and numerous other types of files. A hard drive was mailed to each defendant on or about March 3, 2021 via FedEx. Please contact the undersigned Assistant United States Attorney with any questions or if anything is missing.

    Respectfully submitted,

    ARIANA FAJARDO ORSHAN
    UNITED STATES ATTORNEY

    By: _____
    Marton Gyires
    Assistant United States Attorney
    Court ID No.: A5501696
    500 South Australian Avenue, 4th Floor
    West Palm Beach, FL 33401
    Tel.: (561) 820-8711
    Email: Marton.Gyires@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. The attachments to this response were placed on one hard drive as to each defendant and mailed to attorneys Grey Tesh (representing Defendant Hendijani), Aaron Cohen (representing Defendant Roman), and Glenn Mitchell (representing Defendant Grauer) on Wednesday, March 3, 2021 via FedEx.

/s/ Marton Gyires
MARTON GYIRES
Assistant United States Attorney