UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21-cr-80026-AMC

UNITED STATES OF AMERICA

vs.

TYLER ROMAN,

        Defendant.

_____/

**PLEA AGREEMENT**

      The United States Attorney's Office for the Southern District of Florida ("this Office") and TYLER ROMAN (hereinafter referred to as the "defendant") enter into the following agreement:

      1.     The defendant agrees to plead guilty to Count One of the Indictment, which charges him with Conspiracy to Possess with Intent to Distribute, and Distribute, 400 Grams or more of Fentanyl, and 100 Grams or more of Heroin, in violation of Title 21, United States Code, Sections 846, 841(a), 841(b)(1)(A), and 841(b)(1)(b).

      2.     The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory

1

sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. As to Count 1, the Court may impose a term of imprisonment of up to life, and must impose a term of imprisonment of at least ten (10) years, followed by a term of supervised release of at least five (5) years and up to life. In in addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $10,000,000.00.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. However, the Office will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the Office prior to entering this Agreement; or (3) commits any misconduct after entering into this Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant and this Office agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a) Under Section 2D1.1(c)(5) of the Guidelines, the weight of the fentanyl and heroin for which the defendant is accountable under all relevant conduct results in a Base Offense Level of 30;

(b) There are no further applicable adjustments or departures under the Guidelines, except any potential Rule 35 or 5K1.1 motions, and acceptance of responsibility in accordance with paragraph 6 above;

(c) The parties jointly recommend that the sentence in this case run concurrent to the sentence imposed in the supervised release violation in case number 0:14-cr-60165-WPD; and

(d) The defendant is free to argue for any sentence.

8. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this

agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 9/10/21   By: *Marton Gyires*
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY

Date: 9/10/21
AARON COHEN
ATTORNEY FOR DEFENDANT

Date: 9/10/21
TYLER ROMAN
DEFENDANT

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21-cr-80026-AMC

UNITED STATES OF AMERICA

vs.

TYLER ROMAN,

        Defendant.
_____/

## STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE ELEMENTS IN SUPPORT OF GUILTY PLEA

The United States of America, by and through its undersigned Assistant United States Attorney, and TYLER ROMAN, (hereinafter referred to as the "Defendant" or "ROMAN"), together with his counsel, admit that the government can prove the allegations contained in Count One of the Indictment, Conspiracy to Possess with Intent to Distribute, and Distribute, 400 Grams or more of Fentanyl, and 100 Grams or more of Heroin, in violation of Title 21, United States Code, Sections 846, 841(a), 841(b)(1)(A), and 841(b)(1)(b). The Defendant also stipulates that those allegations and the following recitation of the facts shall constitute the underlying factual basis. These facts are offered for the limited purpose of the guilty plea and consequently does not contain all of the facts known to the government in this case:

    During parts of the dates alleged in the Indictment, ROMAN was involved in a conspiracy that involved the distribution of heroin and fentanyl in the Southern District of Florida. ROMAN's role in the conspiracy, among other things, was to relay customer orders for the drugs to co-defendant Alireza HENDIJANI, provide HENDIJANI with physical addresses to which the drugs could be mailed, retrieve mail parcels containing drugs, and collect payment for the drugs. Some of the examples of the evidence obtained by the government against ROMAN is as follows.

    In October 2019, law enforcement received information from a DEA confidential source ("CS-1") about a drug dealer selling heroin within Palm Beach County, later identified as Tyler ROMAN. On or about October 23, 2019, a DEA undercover agent ("UC"), accompanied by a different CS (CS-2), purchased approximately one ounce of heroin from ROMAN for $2,000.00. Additional controlled acquisitions of heroin from

ROMAN took places as follows: a November 15, 2019 acquisition of a free sample of approximately one gram by the UC and CS-1; a November 21, 2019 purchase of approximately one ounce by the UC and CS-1; a December 4, 2019 purchase of approximately one ounce by the UC and CS-1; a December 18, 2019 purchase of approximately one ounce by the UC; and a January 8, 2020 purchase of approximately one ounce by the UC.

On March 18, 2020, law enforcement engaged in surveillance of ROMAN. ROMAN was observed going to UpperKutz barber shop located at 2173 Jog Road, Greenacres, Florida, at approximately 10:00am. At approximately, 11:00 a.m., ROMAN and a man identified as Juan Garcia were observed to depart the barbershop and go to a third party business. ROMAN was then observed leaving in his Chevrolet Silverado with Garcia following in another vehicle.

The two vehicles were observed entering the area of the Lake Osborne neighborhood of Lake Worth, FL. Once arriving in the Lake Osborne neighborhood, ROMAN was observed parking his vehicle and entering Garcia's vehicle. Garcia's vehicle then proceeded to traverse the neighborhood to drive in a semi-random pattern. Agents were not able to discern an apparent motive or reason behind this driving. Agents were aware through prior investigation that 434 Virginia Drive Lake Worth, FL ("VIRGINIA DRIVE ADDRESS"), an address inside the Lake Osborne neighborhood, was associated with Garcia's family. At this time, agents contacted inspectors of the U.S. Postal Inspection Service to determine whether a package with characteristics suspicious of a drug package was bound for delivery to VIRGINIA DRIVE ADDRESS. At that point, an inspector of the USPIS confirmed that an approximately six-pound parcel was inbound for the address. The inspector was able to obtain a photograph of the parcel's mailing label which showed characteristics similar to prior parcels mailed by co-defendants Diego NAVARRO and Jose ESQUER.

Surveillance agents observed the delivery of the Subject Parcel at approximately 1:20 pm. Following consultation with USPIS, agents seized the box from the front porch of the VIRGINIA DRIVE ADDRESS and brought it to the offices DEA WPB. At approximately 1:34 p.m., ROMAN and Garcia departed in their respective vehicles from where they were parked and were observed driving to the area of the VIRGINIA DRIVE ADDRESS. Garcia was observed entering the driveway of the VIRGINIA DRIVE ADDRESS while ROMAN parked nearby. Over the next twenty minutes, ROMAN and Garcia were observed inspecting the front porch of the VIRGINIA DRIVE ADDRESS as well as neighboring addresses in an apparent search for the parcel.

A federal search warrant was obtained to open the parcel, which was executed on March 18, 2020. Inside the box, agents found approximately one-half kilogram of fentanyl. Security camera footage revealed that a person matching ESQUER's physical appearance mailed the parcel from San Diego County, California.

I am aware of and understand the nature of the charges to which I am pleading guilty, because I have discussed the charges and what the prosecutor must prove to convict me with my attorney. I understand that the United States must prove the following facts (or "elements") of the offenses beyond a reasonable doubt:

Count 1: Title 21, United States Code, Section 846:

(1) two or more people in some way agreed to try to accomplish a shared and unlawful plan;

(2) the Defendant, knew the unlawful purpose of the plan and willfully joined in it; and

(3) the object of the unlawful plan was to possess with the intent to distribute or distribute 400 Grams or more of Fentanyl or 100 Grams or more of Heroin.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 8/3/21

By: *Marton Gyires*
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY

Date: 9/9/21

AARON COHEN
ATTORNEY FOR DEFENDANT

Date: 9/10/21

TYLER ROMAN
DEFENDANT