UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80026-Cr-Cannon

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TYLER ROMAN,

        Defendant.
_____/

## ORDER ON CONFLICT WAIVER

On February 8, 2022, I conducted a hearing to advise Mr. Roman of a potential conflict of interest that could limit his current counsel's ability to fully advocate at Mr. Roman's upcoming sentencing. Among other things, I explained the following to Mr. Roman:

- his sixth amendment right to conflict-free counsel;

- how current counsel's ethical duties to a different client would prevent him from making certain arguments in mitigation of Mr. Roman's punishment;

- that the Court would appoint Mr. Roman a conflict-free lawyer to represent him at his sentencing, if he wanted;

- that proceeding to sentencing with current counsel might result in Mr.

> Roman never getting to make certain viable arguments in mitigation of punishment;

- that if Mr. Roman waived his right to conflict-free counsel, he could not later challenge his sentence based on current counsel's conflict of interest.

Mr. Roman acknowledged that he understood these rights and the potential negative consequences of waiving his right to conflict-free counsel. He swore that he had consulted with conflict-free counsel about whether to waive his rights, and that he had sufficient time for this consultation.

Based on the totality of the colloquy at the hearing, including my observations of Mr. Roman during the hearing, I find that his decision to waive his right to conflict-free counsel is a knowing, voluntary, and fully informed decision.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 10th day of February 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE